

EXHIBIT 5

# FAZIO | MICHELETTI LLP
Attorneys

July 7, 2025

**BY CERTIFIED MAIL**

Volvo Cars AB
c/o Volvo Cars Burlingame
900 Peninsula Avenue
Burlingame, CA 94010

      Re:   *CLRA Notice Regarding Safety Defect in Volvo XC40 Recharge Vehicles*

To Whom It May Concern:

The purpose of this letter is to serve as notice pursuant to requirements of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1782(a), regarding a dangerous safety defect—unexpected surging, sudden unintended acceleration, and stalling—in Volvo XC40 Recharge vehicles ("Surging Defect"). We understand that Volvo Cars AB has no principal place of business in California, hence we are directing this notice "to the place where the transaction occurred[,]" Volvo Cars Burlingame (the "dealership").

**THE SURGING DEFECT**

Our client, Robert Becker (2024 XC40 Recharge, delivered Sep 13, 2024 (the "Vehicle")), experienced this defect the day after delivery: the vehicle surged forward when shifted into Reverse and backward when shifted into Drive, and vice versa on other occasions.

- **Widespread Problem:** Mr. Becker has documented this recurring issue on video. Numerous other XC40 Recharge drivers have reported their experiences with the Surging Defect, some of which have resulted in property damage and near-misses with pedestrians and other vehicles.

- **Safety Hazard:** This defect presents a significant, undeniable safety risk.

FAZIO | MICHELETTI LLP

**Volvo Cars AB — July 7, 2025 — Page 2**

### VOLVO'S RESPONSE: ACKNOWLEDGMENT WITHOUT ACTION

- **Dealer Confirmation:** The "dealership confirmed the Surging Defect in Mr. Becker's vehicle and replicated it in another XC40. The dealership made no attempt to repair the Vehicle; instead, it suggested a driving technique to avoid a crash ("Advised customer he can leave one foot on the brake while transitioning to the accelerator pedal with the other foot on an incline . . .").

- **Volvo's Stance:** Despite the dealership's confirmation and video evidence that Mr. Becker provided, Volvo Customer Care dismissed the defect as a "normal function of the vehicle," offered no repair, and closed the case.

### OUR DEMAND: RECTIFICATION UNDER THE CLRA

Volvo's failure to remedy this known safety defect violates the CLRA.

- **Action Required:** Pursuant to CLRA § 1782(a), we demand Volvo correct, repair, replace, or otherwise rectify the Surging Defect in all affected 2020-2024 model-year Volvo XC40 Recharge vehicles.

- **Deadline:** Please advise within 30 days of this letter whether Volvo intends to comply.

### CONSEQUENCE OF INACTION: SEEKING DAMAGES UNDER THE CLRA

- **Class Action:** We have filed a class action lawsuit on behalf of Mr. Becker and all similarly situated U.S. residents who own or lease a XC40 Recharge (*Becker v. Volvo Cars of North America, LLC*, No. 3:25-cv-05331 (N.D. Cal.). We intend to add Volvo Cars AB to the complaint as a Defendant in that lawsuit.

- **Damages:** If Volvo Cars AB fails to act within the 30-day notice period prescribed by the CLRA, we will amend the operative complaint to include a request for compensatory and punitive damages for the violations of that statute by Volvo Cars AB and its subsidiaries named as Defendants.

FAZIO | MICHELETTI LLP

**Volvo Cars AB — July 7, 2025 — Page 3**

LITIGATION HOLD

As we advised Volvo Cars of North America, LLC, and Volvo Car USA, LLC, last May, applicable law requires the preservation of **(1)** all "Information," which, for the purposes of this letter, is defined as all documents and electronically-stored information (including, but not limited to, metadata and diagnostic data) potentially relevant to the claims and defenses in this litigation and **(2)** all "Tangible Things," which, for the purposes of this letter, means all relevant hardware, including, but not limited to, components that have been removed or replaced in connection with the Surging Defect. Volvo Cars AB is subject to the same requirements.

The duty to preserve evidence is broad and extends to all Information and Tangible Things in existence as of the time Volvo Cars AB reasonably anticipated litigation, regardless of whether it has been stored electronically (*e.g.,* in any electronic device used to store data, regardless of location, medium or format) or in hard copy. *E.g., Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989-92 (N.D. Cal. 2012).[1]

I look forward to your response.

                                              Very truly yours,

                                              Jeffrey L. Fazio

---

[1] To ensure that all Information and Tangible Things are preserved, Volvo Cars AB may not limit its preservation instructions to a few self-selected custodians; rather, it must communicate directly with all persons who are reasonably likely to have possession, custody or control of relevant Information and Tangible Things—including, but not limited to, information technology and/or administrative personnel involved with electronic data retention, deletion, and archiving—and instruct them to ensure its preservation for the duration of the litigation. *See id.* at 997. Included within this obligation is the duty to advise all such persons that any regularly scheduled or automatic deletion of email or other electronic Information, and any scheduled or unscheduled document or data destruction, must be discontinued immediately with respect to any Information and/or Tangible Thing. *Id.* Electronically stored information must be preserved in its native format, with metadata intact. *E.g., ABC Servs. Grp. v. Health Net of Cal.*, No. SA CV 19-0243-DOC-DFM, 2020 U.S. Dist. LEXIS 154886, at *42 (C.D. Cal. May 11, 2020).

FAZIO | MICHELETTI LLP

**Volvo Cars AB — July 7, 2025 — Page 4**

cc:
- Volvo Cars AB (by UPS)
  (VAK building, Volvo Car Corporation)
  SE-405 31 Göteborg, Sweden

- Helen Hu (by email: hhu@volvocars.com)

- Michael Mallow (by email: mmallow@shb.com)