Michael L. Mallow (SBN 188745)
mmallow@shb.com
Colm A. Moran (SBN 202685)
cmoran@shb.com
SHOOK, HARDY & BACON L.L.P.
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

Attorneys for Defendants
VOLVO CAR NORTH AMERICA, LLC
*(erroneously sued as Volvo Cars of North America, LLC)* and VOLVO CAR USA LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. BECKER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC, a Delaware limited liability company; VOLVO CAR USA, LLC, a Delaware limited liability company; and VOLVO CARS AB (publ.), a Swedish public limited company,<br><br>Defendants. | Case No. 3:25-cv-05331-MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS VOLVO CAR NORTH AMERICA, LLC AND VOLVO CAR USA LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date: December 5, 2025<br>Time: 9:00 a.m.<br>Courtroom: 7 – 19th Floor |

**[PROPOSED] ORDER**

Defendants Volvo Car North America, LLC and Volvo Car USA LLC's Motion to Dismiss Plaintiff Robert M. Becker's Second Amended Complaint came on regularly for hearing on December 5, 2025, at 9:00 a.m. in Courtroom 7 – 19th Floor, of the above-titled Court.

Upon consideration of the papers and arguments submitted, as well as all other papers on file in this action, and good cause appearing, the Court ORDERS as follows:

Defendants' Motion to Dismiss is **GRANTED** in its entirety and Plaintiffs' claims are dismissed with prejudice.

- **Counts 1–4 (Fraudulent Concealment, Violation of the CLRA, Violation of the UCL, Violation of the FAL):** All of Plaintiff's fraud-based claims are not alleged with the requisite particularity. *See* Fed. R. Civ. P. 9(b). Plaintiff does not allege facts establishing Defendants owed him a duty to disclose information about the purported Powertrain Control Defect. Nor does he adequately allege Defendants possessed exclusive knowledge of the purported defect, let alone an intent to defraud. Further, even if the common law concealment claim had been alleged with particularity, it would still fail as a matter of law under independent tort principles more recently articulated by the California Supreme Court in *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 41 (2024). The independent tort doctrine precludes tort liability where, as here, the harm alleged is the type of risk contemplated by the applicable warranty.

- **Count 5 (Breach of Implied Warranty under the Song-Beverly Act):** Plaintiff's implied warranty claim fails because he did not timely revoke acceptance of the vehicle.

- **Count 6 (Unjust Enrichment):** The unjust enrichment claim fails because Plaintiff does not plausibly allege Defendants' retention of any benefit was unjust, particularly because he continues to use the vehicle.

- **Equitable Relief:** Plaintiff fails to allege legal remedies are inadequate. His claims for equitable relief—including restitution, disgorgement, and injunctive relief—are therefore dismissed. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020); *see also Klaehn v. Cali Bamboo LLC*, No. 21-55738, 2022 WL 1830685, at *3 (9th Cir. June

3, 2022) (applying *Sonner*).

In sum, all of Plaintiff's claims as alleged in the Second Amended Complaint, along with his request for equitable and injunctive relief, fail and are hereby dismissed.

**IT IS SO ORDERED.**

Dated: _____      _____
                                                                  HON. MAXINE M. CHESNEY