Jeffrey L. Fazio (146043) (jlf@fazmiclaw.com)
Dina E. Micheletti (184141) (dem@fazmiclaw.com)
**FAZIO | MICHELETTI LLP**
1111 Broadway, Suite 400
Oakland, CA  94607
T: 925-543-2555
F: 925-369-0344

Attorneys for Plaintiff
Robert M. Becker, on behalf of himself
and all others similarly situated

Michael L. Mallow (SBN 188745) mmallow@shb.com
Colm A. Moran (SBN 202685) cmoran@shb.com
SHOOK, HARDY & BACON L.L.P.

2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

Attorneys for Defendants
VOLVO CAR NORTH AMERICA, LLC
(erroneously sued as Volvo Cars of North America, LLC)
and VOLVO CAR USA LLC

*Additional Counsel at End of Document*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. BECKER, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC, a Delaware limited liability company; VOLVO CAR USA, LLC, a Delaware limited liability company; and VOLVO CARS AB (publ.), a Swedish public limited company,<br><br>      Defendants. | No. 3:25-cv-05331-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  February 13, 2026<br>Time:  10:30 a.m.<br>Place: Courtroom 10A<br>Trial Date: Not Set<br><br>Hon. Maxine M. Chesney |



Plaintiff, Robert M. Becker, and all others similarly situated (collectively, "Plaintiff"), and Defendants Volvo Cars of North America, LLC ("VCNA"), Volvo Car USA, LLC ("VCUSA"), and Volvo Cars AB ("Volvo AB") (together, "Defendants"), by and through their respective counsel, respectfully submit the following Case Management Conference Statement in anticipation of the initial Case Management Conference that is scheduled for 10:30 a.m. on **February 13, 2026**.

1. **Jurisdiction and Service**.

All Defendants have been served and all Defendants have responded to the Second Amended Complaint ("SAC") with motions to dismiss it.

2. **Facts**.

**Plaintiff's Position:** This case is about a dangerous safety defect in 2021 through 2024 model-year Volvo XC40 Recharge electric vehicles (collectively, "Class Vehicles"). The defect, which Plaintiff calls the Powertrain Control Defect, causes the vehicles to surge, lurch, or accelerate without driver input—a phenomenon known as Uncommanded Vehicle Propulsion ("UVP"). This hazardous behavior occurs most often during low-speed maneuvers, transforming driveways and parking lots into zones of unnecessary risk.

Plaintiff Robert M. Becker experienced the defect the day after leasing his new 2024 XC40 Recharge. When he shifted into Reverse, his vehicle surged forward nearly two feet, forcing him to brake abruptly to avoid a collision. A Volvo dealership service manager not only replicated the defect on Mr. Becker's vehicle but also on a new, unsold XC40 Recharge on the dealer's lot. Despite this independent verification, Volvo's corporate response was to dismiss this dangerous UVP as a "normal function of the vehicle."

**Defendants' Position:** Defendants deny Plaintiff's allegations and further state this action is without merit. The specific deficiencies with Plaintiff's claims are detailed in Defendants' Motions to Dismiss (Dkt. 38 and 49). One of the fundamental problems with Plaintiff's claims is that he does not plausibly allege the existence of a defect, let alone what constitutes the defect or what causes it, or that the alleged defect presents any "safety" concerns. Further, Plaintiff's fraud-based claims are problematic because he does not adequately allege intentional concealment, a duty to disclose, or facts to establish the claims independent of the parties' contractual obligations.

Defendants also expressly deny, among other things, that they violated any consumer protection statutes, committed fraud by concealment, or were unjustly enriched. Defendants also deny that Plaintiff is entitled to any of the relief he seeks, including equitable and injunctive relief, and that Plaintiff's claims are amenable to class treatment. Finally, Defendant Volvo Car AB asserts that it is not subject to personal jurisdiction in California.

3. **Legal Issues**.

**Plaintiff's Position**: Plaintiff alleges that Volvo knew that Class Vehicles were affected by a serious safety defect yet concealed it, choosing to profit from its reputation for safety while selling vehicles that fall dangerously short of that promise. Plaintiff brings this action on behalf of a proposed class of all persons in the United States who purchased or leased the affected Class Vehicles, alleging that Volvo engaged in fraudulent concealment, violated California's consumer protection statutes (*i.e.,* the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, the Unfair Competition Law, Bus. & Prof. Code §§ 17200-17209, and the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500-17509, the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790-1795.8), and unjust enrichment.

**Defendants' Position:** Defendants anticipate that the following disputed points of law, among others, will arise in this action:

- Whether Plaintiff can prove the existence of the specific defect he alleges;
- Whether the alleged class vehicles are defective;
- Whether Plaintiff has adequately pled the causes of action asserted in the SAC;
- Whether the defect Plaintiff's alleged is a manufacturing or design defect;
- Whether Defendants had a duty to disclose the alleged defect, including whether Defendants had knowledge of the specific defect alleged by Plaintiff;
- Whether Plaintiff's claims raise common questions or law or fact and otherwise satisfy the requirements of Fed. R. Civ. P. 23 such that an aggregated proceeding is both manageable and comports with due process;
- Whether California law may be applied to the claims of Plaintiff and all putative class members as a proposed "nationwide" class;

• Whether the Class Vehicles present a safety risk as a result of the alleged defect, such that Plaintiff is entitled to obtain injunctive relief in the form of a court-ordered recall and as otherwise may affect entitlement to relief;

• Whether Plaintiff is entitled to punitive, actual, and statutory damages, costs, attorneys' fees, pre- and post-judgment interest, declaratory relief, equitable relief, and any other relief provided for by federal and state law; and

• Whether Defendant Volvo Car AB is subject to personal jurisdiction in California.

4. **Motions.** VCNA and VCUSA moved to dismiss the SAC on **October 15, 202.** ECF 38. The motion is fully briefed and the hearing is scheduled for **February 20, 2026**.

On **January 20, 2026**, Volvo Car AB moved to dismiss the SAC on jurisdictional grounds pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). ECF 49. Plaintiff filed his opposition to the motion on **February 3, 2026**, ECF 54, Volvo AB's reply brief is due on **February 10, 2026,** and the motion is scheduled to be heard at 9:00 a.m. on **February 27, 2026**.

The Parties agree that the motions to dismiss should be heard together and hereby request that the Court schedule both motions to be heard on **February 27, 2026**.

5. **Amendment of Pleadings**.

**Plaintiff's Position**. At present, Plaintiff has no plans to amend the operative complaint.

6. **Evidence Preservation**.

**Plaintiff's Position**: In two successive letters containing the notices required by the CLRA (Cal. Civ. Code section 1782(a)), Plaintiff's counsel sent to their General Counsel on **April 28** and **May 14, 2025**, Plaintiff requested that VCNA and VCUSA preserve all information (including all documents and electronically-stored information, metadata, and diagnostic data) and tangible things (including all hardware components removed or replaced in connection with the defect alleged in this case) pertaining to the subject matter of this action. Volvo AB was, therefore, on constructive notice of the need to preserve all such evidence after it accepted service via The Hague Service Convention.

Plaintiff's counsel have reviewed the Guidelines Relating to Discovery of Electronically

Stored Information ("ESI Guidelines"), and Plaintiff's counsel met and conferred with Defendants' counsel pursuant to Federal Rule of Civil Procedure 25(f) on **September 8, 2025**. Plaintiff's counsel discussed the need to establish a suitable protective order and a meaningful ESI protocol during that session. Defendants' counsel proposed to send Plaintiff's counsel a draft of a proposed stipulated protective order, and proposed the parties refrain from creating a formal ESI protocol until after discovery is served, at which time the parties anticipate discussing issues concerning the nature and scope of electronic discovery.

**Defendants' Position:** Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have taken reasonable and proportionate steps to preserve evidence reasonably relevant to the issues in this action. Defendants' counsel has agreed to circulate a proposed stipulated protective order and to engage in further discussions with Plaintiff's counsel regarding a formal ESI protocol.

7. **Disclosures.** The Parties exchanged Initial Disclosures on **October 7, 2025**.

8. **Discovery**. On **January 12, 2026**, Plaintiff served VCUSA with a first set of requests for production of documents, requests for admissions, and interrogatories, and served VCNA with a first set of requests for production of documents and requests for admissions. Plaintiff intends to serve a first set of written discovery on Volvo AB soon.

Volvo had requested an inspection of Plaintiff's Class Vehicle near the outset of this action, so when Plaintiff had problems with the braking system in his Class Vehicle, the Parties entered into a Stipulated Vehicle Inspection Protocol (which governed the terms and conditions on which the vehicle was made available for inspection and the manner in which the inspection would be conducted) on **January 30, 2026**. The inspection of Plaintiff's Class Vehicle occurred at Volvo Marin on **February 6, 2026**.

9. **Class Actions**.

**Plaintiff's Position**: Plaintiff seeks to maintain this action as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(5). *See* ECF 19 ¶ 92. The action is brought on behalf of the following proposed Nationwide Class and California Subclass:

- **Nationwide Class:** All persons or entities in the United States who purchased or leased any

2021 through 2024 model-year Volvo XC40 Recharge electric vehicle. *Id.*

- **California Subclass:** All persons or entities in California who purchased or leased any 2021 through 2024 model-year Volvo XC40 Recharge electric vehicle. *Id.*

Excluded from the proposed Classes are the Defendants, their affiliates, officers, directors, employees, and the presiding Judge and their staff. ECF 19 ¶ 93.

**Facts Showing Entitlement to Maintain the Action Under Fed. R. Civ. P. 23(a) and (b):** The facts in the Second Amended Complaint establish all prerequisites for class certification:

- **Numerosity (Fed. R. Civ. P. 23(a)(1)):** The proposed Classes are so numerous that joinder of all members is impracticable. There are tens of thousands of Class Vehicles sold or leased in the United States (ECF 19 ¶ 94), and the identities of the proposed Class Members are ascertainable through Defendants' records (ECF 19 ¶ 94).

- **Commonality (Fed. R. Civ. P. 23(a)(2)):** Numerous questions of law and fact are common to the Class. The centerpiece of the litigation is the existence of the common Powertrain Control Defect (UVP—Uncommanded Vehicle Propulsion) in the Class Vehicles (ECF 19 ¶ 65). The core common questions include, but are not limited to, what Defendants knew about the Defect, the timing of that knowledge, and whether Defendants concealed the defect while promoting vehicle safety (ECF 19 ¶ 95(c)-(e)).

- **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiff Robert Becker's claims are typical because he leased a Class Vehicle, personally experienced the Defect (multiple instances of unexpected acceleration, surging, and lurching) (ECF 19 ¶ 10), and was harmed by the same wrongful conduct (Volvo's concealment and misrepresentations) that harmed other Class Members (ECF 19 ¶ 96).

- **Adequacy of Representation (Fed. R. Civ. P. 23(a)(4)):** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are entirely coextensive with those of the Class, and he has retained counsel experienced in complex class action litigation (ECF 19 ¶ 97).

- **Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)):**
    - **Predominance:** Common issues—such as the inherent design/manufacturing flaw of



the Powertrain Control Defect (ECF 19 ¶ 401), the materiality of the defect, and the centralized knowledge and uniform concealment strategy of all Defendants (ECF 19 ¶ 85)—predominate over any individual factual questions (ECF 19 ¶ 95). The focus of liability and injury can be proven through class-wide evidence, including internal Volvo documents, corporate service policies, and NHTSA complaints (ECF 19 ¶ 43).

- ○ **Superiority:** A class action is the superior method for adjudication. The individual economic losses (overpayment/diminished value) suffered by members, though significant, are not typically large enough to warrant the expense of complex individual litigation (ECF 19 ¶ 98). Concentrating these claims promotes judicial economy and avoids the risk of inconsistent judgments (ECF 19 ¶ 98).

- **Injunctive and Declaratory Relief (Fed. R. Civ. P. 23(b)(2)**: Defendants have acted or refused to act on grounds generally applicable to the Class by concealing the Defect and dismissing reports as "normal function." Final injunctive and corresponding declaratory relief is appropriate and necessary to compel Volvo to: (i) cease its deceptive practices; (ii) adequately disclose the Defect; and (iii) conduct a court-supervised notice, inspection, and repair/retrofit, repurchase, or replacement program (ECF 19 ¶ 99, 1471-75). The inadequacy of legal remedies stems from the ongoing public safety risk posed by the un-remedied defect (ECF 19 ¶ 119).

Plaintiff proposes to move for class certification after obtaining discovery sufficient to address the nature and scope of the defect alleged in Plaintiff's operative complaint. Plaintiff's counsel have reviewed the Procedural Guidance for Class Action Settlements and are familiar with the procedural requirements for the settlement and administration of such settlements.

**Defendants' Position:** Defendants maintain that Plaintiff's class claims cannot be pursued on a class wide basis because the requirements of Rule 23 cannot be satisfied and certainly not on a nationwide basis per *Mazda v. American Honda*, 666 F.3d 581 (9th Cir. 2012). Further, Plaintiff lacks standing to pursue injunctive relief because he has an adequate remedy of law and is not likely to experience future harm given his alleged knowledge of a purported defect. Defendants' counsel have reviewed the Procedural Guidance for Class Action Settlements and are familiar with

the procedural requirements for the settlement and administration of such settlements.

10. **Related Cases**. The Parties are aware of no related cases or proceedings pending before this Court or any other court or administrative body.

11. **Relief**.
**Plaintiff's Position**: Regardless of whether they arise under the CLRA, the UCL, or under the common law, each of Plaintiff's fraud-based claims are based on the same conduct: Defendants' uniform failure to disclose the existence of the Powertrain Control Defect, which resulted in Plaintiff and members of the proposed class suffering an identical injury by purchasing or leasing a Class Vehicle, regardless of whether the Powertrain Control Defect ever becomes manifest. *See, e.g., Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 820 (9th Cir. 2019) (discussing same). Thus, Plaintiff seeks damages in an amount sufficient to compensate Plaintiff and members of the proposed class for (a) the cost to repair the Powertrain Control Defect in Class Vehicles (*i.e.*, 2021 through 2024 model-year Volvo XC40 Recharge electric vehicles), (b) the amount that Plaintiff and members of the proposed class paid above what their Class Vehicles were actually worth had Defendants disclosed the Powertrain Control Defect before they purchased or leased their Class Vehicles, or (c) to the extent that the Powertrain Control Defect cannot be repaired, by the amount that the Powertrain Control Defect has diminished the value of Class Vehicles. Plaintiff also seeks punitive damages, restitution, and injunctive relief requiring Defendants to repair the Powertrain Control Defect or repurchase the unsafe Class Vehicles.

**Defendants' Position:** Defendants maintain that Plaintiff is not entitled to any relief requested in the SAC.

12. **Settlement and ADR**.

**Plaintiff's Position**: Plaintiff sent VCNA and VCUSA the notice required by the CLRA by certified mail on **April 28, 2025**, but was later informed that the U.S. Postal Service had lost the notice at its New Jersey distribution center. Plaintiff sent another notice to VCNA and VCUSA by certified mail on **May 14, 2025**. **On June 10, 2025**, counsel for VCNA and VCUSA responded to the CLRA notice by contending that the notice was deficient, professing confusion about Plaintiff's description of the Powertrain Control Defect even while claiming to be conducting an investigation into "public chatroom postings" and the video Plaintiff provided to the Volvo

dealership from which he took delivery of his Class Vehicle in an effort to repair the defect. Rather than addressing the request to repair, remedy, or otherwise rectify the Powertrain Control Defect (as contemplated by the CLRA's notice provisions), Volvo's counsel requested that Plaintiff submit to informal discovery and submit his Class Vehicle to another inspection. Plaintiff's counsel agreed to allow Volvo to inspect Plaintiff's Class Vehicle, but noted that discovery was premature. Similarly, on **July 7, 2025**, Plaintiff served Volvo AB with notice pursuant to the CLRA's requirements by way of United Parcel Service delivery to Volvo AB's headquarters in Sweden and by delivering a copy to the Volvo dealership from which Plaintiff leased his Class Vehicle. Counsel for the dealership responded to the CLRA notice by contending that serving the dealership was improper. Plaintiff's counsel pointed out that, because Volvo AB does not maintain a principal place of business in California, the CLRA requires the notice to be directed to "the place where the transaction occurred" (*i.e.,* the Volvo dealership). Cal. Civ. Code § 1782(a)(2). The parties have not otherwise discussed settlement of this litigation. Plaintiff remains open to settlement discussions, but believes that doing so before completing initial discovery (at the very least) would be premature. For the same reason, engaging in ADR proceedings at this juncture would also be premature.

**Defendants' Position:** Defendants believe that a formal ADR process is premature at this time, but have agreed to participate in private mediation later in this litigation.

13. **Other References**.

This case is not suitable for reference to binding arbitration, a special master for all purposes, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**.

**Plaintiff's Position:** Defendants' pending motions have the potential to narrow the issues, but Plaintiff believes that his claims rest on a solid evidentiary foundation and that if any claim is dismissed as a result of Defendants' motions, it will be cured by an appropriate amendment. In Plaintiff's estimation, the most consequential issues in the case are the existence, nature and scope of the Powertrain Control Defect, primarily because the resolution of that issue would likely dispose of this litigation as well. These issues are, however, also the most hotly contested. Accordingly, Plaintiff believes that resolving them at least in part through the discovery process is likely the most

1 productive path.

2 **Defendants' Position:** As noted above, Defendants have filed motions to dismiss the SAC and other than the issues asserted in those motions, are unable to identify any issues that can be narrowed at this time. Depending on the Court's ruling on Defendants' motions to dismiss, Defendants are prepared to discuss narrowing the issues with Plaintiff at the appropriate time.

15. **Scheduling**.

**Plaintiff's Position:** Now that all Defendants have been served and discovery is underway, Plaintiff will be in a position to discuss a detailed scheduling order after the Court rules on the pending motions to dismiss.

**Defendants' Position:** Defendants believe the parties will be in a position to discuss a detailed scheduling order after the Court rules on the pending motions to dismiss.

16. **Trial**.

**Plaintiff's Position:** Plaintiff has requested a jury trial for his legal claims, and anticipates a bench trial for his equitable claims. At this juncture, Plaintiff estimates that trial will require a minimum of 15 court days, but believes that the parties will be in a much better position to make that determination after discovery is underway.

**Defendants' Position:** Defendants estimate that the trial in this matter will require approximately 15 days, but believe the Parties will be in a better position to make a determination about the number of required trial days following the Court's ruling on Defendants' motions to dismiss and Plaintiff's potential motion for class certification.

17. **Disclosure of Non-Party Interested Entities or Persons**.

**Plaintiff's Position**: Although it is not clear whether it is relevant, Plaintiff chose to err on the side of disclosure and has included a reference to the referral-fee agreement between Plaintiff's former counsel and his current counsel in the present action in the Certification of Conflicts and Interested Persons and Entities. ECF 33.

**Defendants' Position:** Defendants have filed their respective Certifications of Conflicts and Interested Persons and Entities. *See* ECF 26, 27 and 50.

18. **Professional Conduct**.

1 **Plaintiff's Position:** Plaintiff's counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Defendants' Position:** Defendants' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted,

DATED: February 6, 2026            F AZIO | M ICHELETTI LLP

by       /s/ *Jeffrey L. Fazio*

Jeffrey L. Fazio (146043)
Dina E. Micheletti (184141)
F AZIO | M ICHELETTI LLP
1111 Broadway, Suite 400
Oakland, CA 94607
T: 925-543-2555
F: 925-369-0344

Keliang (Clay) Zhu (305509)
Yi Yao (292563)
Brian Cohen (316427)
D E H ENG L AW O FFICES , P.C.
Silicon Valley Office
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-5856
F: 925-397-1976

*Attorneys for Plaintiff*
*Robert M. Becker, on behalf of himself*
*and all others similarly situated*

By: /s/ *Colm A. Moran*
        Michael L. Mallow
        Colm A. Moran

Michael L. Mallow (188745) (mmallow@shb.com)
Colm A. Moran (202685) (cmoran@shb.com)
SHOOK, HARDY & BACON L.L.P.
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

Attorneys for Defendants
Volvo Cars of North America, LLC and
Volvo Car USA LLC



**Attestation**

In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

                                                /s/ *Jeffrey L. Fazio*
                                                Jeffrey L. Fazio

